**Ghilay Kidane WOLDEMARIAM, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72083.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 26, 2004.

Ghilay Kidane Woldemariam, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ghilay Kidane Woldemariam, a native and citizen of Eritrea, petitions for review

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Kidane's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–50 (9th Cir.2003). To the extent Kidane contends that the BIA violated due process by failing to consider new arguments and evidence presented for the first time to the Board, we reject this contention because the record reveals that he raised no new issues or evidence in his brief to the BIA.

Kidane also challenges the IJ's adverse credibility determination, which we review under a substantial evidence standard. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 658 (9th Cir.2003). The determination must be upheld, however, because the IJ made an express credibility finding and offered specific, cogent reasons for disbelief, which go to the heart of Kidane's claim of persecution. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

The IJ gave discrete reasons for disbelieving Kidane's assertion that he is a Jehovah's Witness. Kidane did not know fundamental tenets of that faith. Kidane has failed to explain his lack of basic knowledge regarding the Jehovah's Witnesses, let alone show that the evidence was so compelling that no reasonable factfinder could fail to find him eligible for asylum. *See Pal v. INS,* 204 F.3d 935, 937 n. 2 (9th Cir.2000).

By failing to qualify for asylum, Kidane necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). In addition, Kidane is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he would be tortured if returned to Eritrea. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* No. 03–70477, and further order of this Court.

**PETITION FOR REVIEW DENIED.**